McLAUGHLIN & STERN, LLP
PAUL H. LEVINSON
plevinson@mclaughlinstern.com
OLIVER R. CHERNIN
ochernin@mclaughlinstern.com
260 Madison Avenue
New York, NY 10016
Phone (212) 448-1100
Facsimile (212) 448-0066
*Attorneys for Plaintiff*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                            :

INFORMED COMMUNICATIONS, INC.    :    **15 CV-9820**
d/b/a *THE DELANEY REPORT*,        :

                            :    **COMPLAINT**
              Plaintiff,      :

                            :    **JURY TRIAL DEMANDED**
    -against-               :

                            :    **ECF Case**
MEREDITH CORPORATION         :

                            :
             Defendant.     :

-------------------------------------------------------------X

       Plaintiff INFORMED COMMUNICATIONS, INC. d/b/a *THE DELANEY REPORT*

("INFORMED COMMUNICATIONS" or "Plaintiff"), by its undersigned attorneys

McLAUGHLIN & STERN, LLP, alleges for its complaint herein against Defendant MEREDITH

CORPORATION ("MEREDITH" or "Defendant"), as follows:

## NATURE OF THE ACTION

       1.     This is an action for copyright infringement arising under the United States

Copyright Act, 17 U.S.C. § 101 et seq. (the "Copyright Act"), and unfair competition under New

1

York common law. These claims arise from MEREDITH's wide-spread, long-term, and systematic theft of the core intellectual property of a small marketing publisher, INFORMED COMMUNICATIONS, which publishes weekly issues of *The Delaney Report*. MEREDITH is the publisher of numerous prominent magazines, including, but not limited to, *Better Homes & Gardens*, *Parents*, and *Family Circle*. Although MEREDITH represents itself as a media and marketing services company whose products and services distinguish themselves on the basis of quality, customer service, and value that can be trusted, its blatant piracy strikes at the very heart of Plaintiff's small business, whose intellectual property rights and investigative reporting and publishing work and efforts MEREDITH has ignored and misappropriated.

2.     *The Delaney Report* is a weekly periodical reporting on advertising and marketing trends, as well as information on the advertising, media and publishing industries. It is a well-recognized marketing publication, reaching a limited but influential number of marketing, media and advertising professionals. Plaintiff INFORMED COMMUNICATIONS is the registered copyright owner of this weekly publication.

3.     The revenues of INFORMED COMMUNICATIONS are derived entirely from paid subscriptions to *The Delaney Report*. Because *The Delaney Report* appeals to a limited market, INFORMED COMMUNICATIONS must rely on strong legal protection to assure that those who use its newsletters pay for them. INFORMED COMMUNICATIONS holds registered copyrights in its weekly publication dating back to January 10, 2005. Each infringed copy of *The Delaney Report* bore copyright notices against copying including, for example, the following common warning:

2

**"The Delaney Report ©.. . . This is copyrighted material and any reproduction or retransmission without written permission is prohibited."**

4.       Upon information and belief, since at least early 2011, MEREDITH has used pirated copies of INFORMED COMMUNICATIONS' weekly newsletters for its own gain. MEREDITH's brazen exploitation was simple: MEREDITH took out subscriptions, and then duplicated the newsletters and, by various means, internally supplied pirated copies to other executives, officers and/or employees, and thus avoided the subscription cost that reputable subscribers pay each year.  In so doing, MEREDITH regularly made and distributed unauthorized copies of virtually each weekly issue of *The Delaney Report*, amounting to in excess of hundreds of unauthorized copies. Upon information and belief, MEREDITH's conduct has persisted in the face of INFORMED COMMUNICATIONS' explicit copyright warnings and despite MEREDITH's awareness that copying periodicals without permission is fundamentally dishonest and unlawful.

5.       Because of the aforementioned conduct, MEREDITH knowingly and willfully violated the Copyright Act, 17 U.S.C. § 101, et seq., and is liable, at the election of  INFORMED COMMUNCATIONS, for either actual damages or for statutory damages, under 17 U.S.C. § 504, of up to $30,000 for each of the registered works improperly exploited (or up to $150,000 for each of the registered works improperly exploited if INFORMED COMMUNICATIONS sustains its burden of proving, and the court finds, that infringement was committed willfully) an injunction, an accounting for all of its ill-gotten profits, and costs and attorney's fees under 17 U.S.C. § 505.  In addition, MEREDITH is also liable for Unfair Competition, under the common law of the State of New York.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 17

U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship) and

1367(a) (supplemental).

7.      The Court has personal jurisdiction over the Defendant because, upon information

and belief, at all relevant times herein, MEREDITH transacted business within this judicial

district and/or committed a tortious act within this judicial district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as MEREDITH

maintains an office and thus resides in this judicial district, and as a substantial part of the events

or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

9.      Plaintiff INFORMED COMMUNICATIONS is a corporation organized and

existing under the laws of the State of North Carolina with its principal place of business in

Tryon, North Carolina.

10.     Upon information and belief, MEREDITH is a corporation organized and existing

under the laws of the State of Iowa, with its headquarters located at 1716 Locust Street, Des

Moines, Iowa 50309 and a regional office located at 805 Third Avenue, New York, New York

10022.

4

## FACTS COMMON TO ALL CLAIMS

## PLAINTIFF'S INTELLECTUAL PROPERTY

11.     INFORMED COMMUNICATIONS has owned and published *The Delaney Report* since 1990 and has distributed *The Delaney Report* to subscribers via mail, via facsimile, and via e-mail.

12.     *The Delaney Report* is published weekly to subscribers. These weekly issues include INFORMED COMMUNICATIONS' unique advertising and marketing data, original selection, representation and arrangement of information and trends in the advertising, media and publishing industries, and original commentary related thereto.

13.     An individual annual subscription to *The Delaney Report* currently costs $625 for domestic mailed subscriptions and $645 for domestic facsimile or e-mail subscriptions. INFORMED COMMUNICATIONS does not sell or offer for sale any group subscriptions or group discounts.

14.     *The Delaney Report* also is available for purchase at the single issue price of $45.

15.     INFORMED COMMUNICATIONS is the owner of a valid, registered copyright in nearly all weekly issues of *The Delaney Report* dating back to January 10, 2005. INFORMED COMMUNICATIONS gives clear notice of its copyright to warn against unauthorized copying. Since 1990, *The Delaney Report* has included a notice that it is copyrighted and that reproduction without written permission is prohibited. Each infringed copy of *The Delaney Report* bore copyright notices against copying including, for example, the following common warning:

> **"The Delaney Report ©.. . . This is copyrighted material and any reproduction or retransmission without written permission is prohibited."**

5

## DEFENDANT'S INFRINGING ACTS

16.     MEREDITH's New York office has had subscription to the weekly issues of *The Delaney Report* continually since early 2011. Each year through 2015, MEREDITH renewed its annual subscriptions through Plaintiff s North Carolina's office and remitted payment for the subscriptions to Plaintiff in Tryon, North Carolina.

17.     Weekly issues of *The Delaney Report* containing the copyright notice described in Paragraphs "3" and "15" above have been distributed to MEREDITH by mail since early 2011.

18.     Upon information and belief, since at least early 2011, MEREDITH has reproduced and distributed every, or nearly every, weekly issue of *The Delaney Report*, to one or more of MEREDITH's executives, officers and/or employees at MEREDITH's New York office and possibly to other offices of MEREDITH outside of New York City.

19.     Upon information and belief, MEREDITH executives, officers and/or employees who were not and are not subscribers of *The Delaney Report* have reproduced it by copying and distributing it internally by various means and/or by printing out copies thereof.  In so doing, MEREDITH has permitted numerous executives, officers and/or employees to obtain and review infringing copies of *The Delaney Report* without obtaining and paying for a subscription and has permitted and/or encouraged these executives, officers and/or employees to believe that such copying and use was lawful.

20.     MEREDITH's purpose and objective was to obtain the benefits of access to *The Delaney Report* while depriving INFORMED COMMUNICATIONS of its rightful subscription revenues. MEREDITH benefited from its infringing activities in a variety of ways, avoiding,

among other things, the cost of multiple subscriptions for its own executives, officers and/or employees.

21.     MEREDITH is a media and marketing services company publishing numerous prominent magazines including, but not limited to, *Better Homes & Gardens*, *Parents,* and *Family Circle*.  MEREDITH thus knew or should have known that copyrighted material may not be freely copied and circulated without an appropriate license.

22.     In sum, MEREDITH's executives, officers and/or employees were well aware of the limitations imposed by copyright, they were expressly cautioned that INFORMED COMMUNICATIONS claimed copyright ownership in *The Delaney Report*, and they otherwise were on notice of INFORMED COMMUNICATIONS' claims and of the need to ensure that MEREDITH's use of INFORMED COMMUNICATIONS' newsletters was fully authorized and licensed. MEREDITH acted knowingly and willfully and in flagrant disregard of INFORMED COMMUNICATIONS' rights.  At no time did INFORMED COMMUNICATIONS grant MEREDITH an express or implied license to copy *The Delaney Report*.

23.     Upon information and belief, MEREDITH's infringing conduct continued from at least as early as early 2011 until just prior to the filing of this action and would have continued longer had INFORMED COMMUNICATIONS not discovered MEREDITH's infringing activities. MEREDITH's conduct victimized INFORMED COMMUNICATIONS, but the full scope of MEREDITH's illegal and wrongful actions remains to be discovered.

24.     INFORMED COMMUNICATIONS continues to publish *The Delaney Report* and to register its copyright in each weekly issue of its publication. INFORMED

COMMUNICATIONS will seek leave to amend this Complaint prior to trial to include such additional issues of *The Delaney Report* as have been infringed.

## FIRST CAUSE OF ACTION
### (Copyright Infringement)

25.     Plaintiff hereby repeats and realleges paragraphs 1 through 24 set forth above as if fully set forth herein.

26.     INFORMED COMMUNICATIONS is the holder of the pertinent exclusive rights infringed by MEREDITH, as alleged hereunder, for *The Delaney Report*.  Nearly each weekly issue of *The Delaney Report* published on or after January 10, 2005 is the subject of a valid Certificate of Copyright Registration issued by the Registrar of Copyrights or an application for copyright registration has been submitted to the Registrar of Copyrights in a timely manner. Weekly issues of *The Delaney Report* contain a copyright notice advising that it is protected by the copyright laws and each issue is a separate work in the meaning of the Copyright Act.

27.     The Certificates of Copyright Registration referred to in paragraph 26 above, for the relevant time period commencing December 2012 through the present are the following:

| Copyright Registration No. | Dated: |
| --- | --- |
| TX 7-726-312 | February 25, 2013 |
| TX 7-854-660 | April 10, 2013 |
| TX 7-731-775 | July 4, 2013 |
| TX 7-747-217 | September 12, 2013 |
| TX 7-808-479 | December 9, 2013 |
| TX 7-922-723 | March 26, 2014 |

8

| | |
|---|---|
| TX 7-922-724 | April 4, 2014 |
| TX0 8-054-681 | June 19, 2014 |
| TX0 7-979-572 | December 4, 2014 |
| TX 8-108-341 | April 9, 2015 |

28.     Said registration certificates constitute *prima facie* evidence of the validity of the copyright and the facts stated in the certificates.

29.     INFORMED COMMUNICATIONS has timely submitted to the Registrar of Copyright applications to register the following issues of *The Delaney Report*, accompanied by the required deposit, however, Certificates of Registration have not issued to date:

| Volume | Number | Issue Date | Publication Date |
|---|---|---|---|
| 25 | 24 | June 23, 2014 | June 23, 2014 |
| 25 | 25 | June 30, 2014 | June 30, 2014 |
| 25 | 26 | July 7, 2014 | July 7, 2014 |
| 25 | 27 | July 14, 2014 | July 14, 2014 |
| 25 | 28 | July 21, 2014 | July 21, 2014 |
| 25 | 29 | July 28, 2014 | July 28, 2014 |
| 25 | 30 | August 4, 2014 | August 4, 2014 |
| 25 | 31 | August 11, 2014 | August 11, 2014 |
| 25 | 32 | August 18, 2014 | August 18, 2014 |
| 25 | 33 | September 8, 2014 | September 8, 2014 |
| 25 | 34 | September 15, 2014 | September 15, 2014 |
| 25 | 45 | December 1, 2014 | December 1, 2014 |
| 25 | 46 | December 8, 2014 | December 8, 2014 |
| 25 | 47 | December 15, 2014 | December 15, 2014 |
| 25 | 48 | December 22, 2014 | December 22, 2014 |
| 26 | 14 | April 13, 2015 | April 13, 2015 |
| 26 | 15 | April 20, 2015 | April 20, 2015 |
| 26 | 16 | April 27, 2015 | April 27, 2015 |
| 26 | 17 | May 4, 2015 | May 4, 2015 |
| 26 | 18 | May 11, 2015 | May 11, 2015 |
| 26 | 19 | May 18, 2015 | May 18, 2015 |
| 26 | 20 | May 25, 2015 | May 25, 2015 |
| 26 | 21 | June 1, 2015 | June 1, 2015 |
| 26 | 22 | June 8, 2015 | June 8, 2015 |
| 26 | 23 | June 15, 2015 | June 15, 2015 |

| | | | |
|---|---|---|---|
| 26 | 24 | June 22, 2015 | June 22, 2015 |
| 26 | 25 | June 29, 2015 | June 29, 2015 |
| 26 | 26 | July 6, 2015 | June 6, 2015 |
| 26 | 27 | July 13, 2015 | June 13, 2015 |
| 26 | 28 | July 20, 2015 | June 20, 2015 |
| 26 | 29 | July 27, 2015 | June 27, 2015 |
| 26 | 30 | August 3, 2015 | August 3, 2015 |
| 26 | 31 | August 10, 2015 | August 10, 2015 |
| 26 | 32 | August 17, 2015 | August 17, 2015 |
| 26 | 33 | August 24, 2015 | August 24, 2015 |
| 26 | 34 | August 31, 2015 | August 31, 2015 |
| 26 | 35 | September 7, 2015 | September 7, 2015 |
| 26 | 36 | September 14, 2015 | September 14, 2015 |
| 26 | 37 | September 21, 2015 | September 21, 2015 |
| 26 | 38 | September 28, 2015 | September 28, 2015 |

30.     Upon information and belief, the Registrar of Copyrights will issue registrations for these works and said registration certificates, when issued, shall constitute *prima facie* evidence of the validity of the copyright and the facts stated in the certificates.  Upon issuance of registrations, INFORMED COMMUNICATIONS will timely seek leave from this Court to amend this pleading to reflect these facts.

31.     MEREDITH's infringement of *The Delaney Report* has been carried out with MEREDITH's full knowledge that said publication is protected by copyright. For its own commercial benefit, MEREDITH has knowingly, willfully, and without authorization infringed INFORMED COMMUNICATIONS' copyrights through the systematic and routine reproduction and distribution of *The Delaney Report*, and by inducing and providing the means, facilities and instructions for its executives, officers and/or employees to make unauthorized reproductions of and distribute *The Delaney Report*.

32.     Due to MEREDITH's infringement of INFORMED COMMUNICATIONS' copyrights, INFORMED COMMUNICATIONS has suffered and will continue to suffer irreparable harm to its business in an amount that will be proven at trial. Unless MEREDITH is enjoined from engaging in the infringing conduct, it will continue to unjustly profit from its infringement of INFORMED COMMUNICATIONS' copyrights in an amount to be determined at trial. INFORMED COMMUNICATIONS has no adequate remedy at law.

33.     By reason of the foregoing, INFORMED COMMUNICATIONS is entitled to the remedies set forth in the Copyright Act, including, without limitation, injunctive relief, actual damages and recovery of MEREDITH's profits, or at INFORMED COMMUNICATIONS' election, statutory damages, destruction of all infringing copies of *The Delaney Report*, costs, and attorneys' fees incurred in this action.

## SECOND CAUSE OF ACTION
### (Common Law Unfair Competition)

34.     INFORMED COMMUNICATIONS hereby repeats and realleges paragraphs 1 through 33 set forth above as if fully set forth herein.

35.     The acts and conduct of MEREDITH complained of herein constitute unfair competition under the law of the State of New York.

36.     INFORMED COMMUNICATIONS generates the factual information contained in its newsletters at great cost and expense. Much of the value of the information in *The Delaney Report* is time sensitive.

37.     MEREDITH's use of the information contained in *The Delaney Report* constituted wrongful misappropriation of, and free riding on, INFORMED COMMUNICATIONS' work.

38.     By supplying information from *The Delaney Report* newsletters on a current basis to its executives, officers and/or employees, for which MEREDITH otherwise would have to purchase separate subscriptions, MEREDITH competes with, undercuts and damages INFORMED COMMUNICATIONS' business.

39.     If such misappropriation and free riding were permitted, INFORMED COMMUNICATIONS' incentives to produce its reports would be seriously undermined and INFORMED COMMUNICATIONS could not continue to publish and provide its newsletters.

40.     By reason of MEREDITH's unfair competition, INFORMED COMMUNICATIONS has suffered, and will continue to suffer, irreparable harm to its business in an amount that will be proven at trial. Unless MEREDITH is enjoined from engaging in acts of unfair competition, INFORMED COMMUNICATIONS will continue to suffer irreparable injury and additional damages, the precise extent, nature, and amount of which will be difficult or impossible to determine. INFORMED COMMUNICATIONS has no adequate remedy at law.

41.     By reason of the foregoing, INFORMED COMMUNICATIONS is entitled to an injunction restraining MEREDITH, its agents, executives, officers, employees, representatives and all persons acting in concert with them from engaging in further acts of unfair competition.

42.     INFORMED COMMUNICATIONS is further entitled to recover from MEREDITH the damages sustained by INFORMED COMMUNICATIONS as a result of MEREDITH's acts of unfair competition in an amount to be determined at trial.

43.     Upon information and belief, MEREDITH's conduct was willful, fraudulent and malicious and against public policy, and accordingly, INFORMED COMMUNICATIONS is thereby entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, INFORMED COMMUNICATIONS respectfully requests that this Court enter judgment in its favor against MEREDITH that:

## FIRST CLAIM FOR RELIEF

A. MEREDITH and its agents, attorneys, executives, officers, employees, and all others in active concert or participation with it be enjoined preliminarily and permanently from in any manner, directly or indirectly, copying or distributing in any medium by any means any issue of *The Delaney Report*, or any portion thereof, and from inducing, aiding, causing or materially contributing to any such conduct by anyone else;

B. MEREDITH and its executives, officers, agents, servants and employees are ordered to surrender for inventory and destruction all copies of *The Delaney Report*;

C. MEREDITH be required to pay to INFORMED COMMUNICATIONS its actual damages incurred as a result of each of the infringements of each issue of *The Delaney Report*;

D. MEREDITH be required to account to INFORMED COMMUNICATIONS for all profits realized by it that are attributable to the infringement;

E. At the election of INFORMED COMMUNICATIONS, prior to the entry of final judgment in this case, under 17 U.S.C. § 504, that MEREDITH be required to pay INFORMED COMMUNICATIONS' statutory damages of up to $30,000 for each of the registered works improperly exploited, or up to $150,000 in enhanced damages for each of the registered works improperly exploited if INFORMED COMMUNICATIONS sustains its burden of proving, and the court finds, that infringement was committed willfully;

13

F. Punitive damages be awarded in favor of INFORMED COMMUNICATIONS in an amount to be determined at trial;

G. MEREDITH be ordered to pay costs incurred by INFORMED COMMUNICATIONS in connection with this action, including but not limited to, INFORMED COMMUNICATIONS' reasonable attorneys' fees and disbursements) under 17 U.S.C. § 505; and

H. Such other and further relief as the Court considers just and proper.

## SECOND CLAIM FOR RELIEF

A. MEREDITH and its agents, attorneys, executives, officers, employees, and all others in active concert or participation with it be enjoined preliminarily and permanently from in any manner, directly or indirectly, copying or distributing in any medium by any means any issue of *The Delaney Report*, or any portion thereof, and from inducing, aiding, causing or materially contributing to any such conduct by anyone else;

B. Damages be awarded in favor of INFORMED COMMUNICATIONS that are attributable to MEREDITH's unfair competition;

C. Punitive damages be awarded in favor of INFORMED COMMUNICATIONS in an amount to be determined at trial; and

D. Such other and further relief as the Court considers just and proper.

14

## DEMAND FOR JURY TRIAL

Plaintiff INFORMED COMMUNICATIONS demands a trial by jury on all issues so triable.

Dated: New York, New York
December 16, 2015

McLAUGHLIN & STERN, LLP

By:      *s/ Paul H. Levinson*
PAUL H. LEVINSON
plevinson@mclaughlinstern.com
OLIVER R. CHERNIN
ochernin@mclaughlinstern.com
260 Madison Avenue
New York, NY 10016
Phone (212) 448-1100
Facsimile (212) 448-0066
*Attorneys for Plaintiff*

15